UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NICK WILSON, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-3211 |
| ) | |
| BRIAN MCREYNOLDS, et. al., ) | |
|    Defendants ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims his constitutional rights were violated at the Shelby County Jail by Sheriff Brian McReynolds, "Undersheriff" John Doe, Jail Administrator Diane Burkehead, and Correctional Officers Kassandra Williams, Josh Durrant, Austin Chamberlin, Jackson Miller, Tonya Attaberry, and Quentin Reedy.

Plaintiff says he was a pretrial detainee at the Shelby County Jail when he was bitten by a brown recluse spider on July 1, 2022. Plaintiff did not file a sick call request until two days later, and on July 5, 2022, Officer Williams bandaged the area and

provided medications. Plaintiff says he told the officer he was allergic to an antibiotic, but he could not remember which the name of the specific medication.

The next day, Officer Durrant took Plaintiff to a local hospital where a doctor "did a culture." (Comp, p. 6). Plaintiff returned to the jail and continued taking the provided medication while waiting for the results. (Comp, p. 6).

On July 13, 2022, Plaintiff says the doctor informed jail staff "it is now MRSA." (Comp, p. 5). MRSA stands for Methicillin-resistant Staphylococcus aureus which is a staph infection. The "skin infections… generally start as swollen, painful red bumps that might look like pimples or spider bites," but spider bites and MRSA require different treatment.[1] Plaintiff says he was provided mediation to address MRSA.

On August 6, 2022, Plaintiff says he submitted a sick call request for an abscess on his lower abdomen. Defendant Burkehead looked at the area and provided medication. Plaintiff did not see a doctor.

The Court is unable to discern the basis of Plaintiff's claim. Plaintiff says he was pretrial detainee and therefore his claim concerning medical care is pursuant to the Fourteenth Amendment. Plaintiff must be able to demonstrate he suffered from an objectively serious medical condition and: (1) the Defendants "acted purposefully, knowingly, or perhaps even recklessly" in handling Plaintiff's medical issue; and (2)

---

[1] MAYO CLINIC, MRSA infection, https://www.mayoclinic.org/diseases-conditions/mrsa / symptoms-causes/syc-20375336, (last visited Nov. 21, 2022); see also VERY WELL HEALTH, Spider Bites vs. MRSA Infections, https://www.verywellhealth.com/ spider-bites-vs-mrsa-2633485, (dated Feb. 24, 2022)

Defendants' actions were objectively unreasonable. *Floyd v. Aramark*, 2018 WL 6182628, at *1 (C.D.Ill. Nov. 7, 2018); *citing Miranda v. Cnty. of Lake*, 900 F.3d 335, 343 (7th Cir. 2018).   Is Plaintiff's complaint based on MRSA, or is he claiming three separate conditions including a spider bite, MRSA, and an abscess?  Was Plaintiff diagnosed with anything other than MRSA?

Is Plaintiff claiming his medical care was unnecessarily delayed?   If so, who was responsible, how long was the delay, and what impact did the delay have on Plaintiff's medical condition.  Plaintiff also claims he never saw a doctor, but is he claiming he did not receive appropriate medication or treatment?  What treatment was needed?

Plaintiff further claims he is allergic to an unknown medication, but this claim is irrelevant if Plaintiff did not have an allergic reaction.

Finally, Plaintiff does not mention many of his Defendants in the body of his complaint. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).

Plaintiff is advised he must "show that the defendants were personally responsible for the deprivation of their rights" in order to hold an individual liable pursuant to 42 U.S.C. §1983. *See Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting*

*Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. See *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)(supervisors are not liable for the errors of their subordinates).

The Court will allow Plaintiff one opportunity to clarify his intended claims. Plaintiff's proposed amended complaint must include his case no, Case No. 22-3211. Plaintiff's amended complaint must stand complete on its own and must not refer to his previous complaint. Plaintiff must also clearly state how each Defendant was directly involved in his claims and clarify his intended claim or claims.

Plaintiff's Motion for Appointment of Counsel is also denied with leave to renew after he files an amended complaint. [4]. Plaintiff is reminded any future motion must demonstrate Plaintiff made a reasonable attempt to obtain counsel or was effectively precluded from doing so. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Therefore, Plaintiff should provide a list of any attorneys contacted, or copies of letters sent or received.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to clearly state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A.

2) The Court will allow Plaintiff an opportunity to file an amended complaint to clarify his claims and Defendants. Plaintiff must file his proposed amended

complaint within 21 days or on or before December 21, 2022. If Plaintiff fails to file his amended complaint by the deadline or fails to abide by the Court's instructions, his case will be dismissed.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew after he clarifies his intended claims. [4].

4) The Clerk is to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline within 30 days.

Entered this 30th day of November, 2022.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE