UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NICK WILSON, )<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>BRIAN MCREYNOLDS, et. al., )<br>   Defendants ) | Case No. 22-3211 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

Plaintiff's initial complaint was dismissed for failure to clearly state a claim upon which relief could be granted. *See* November 30, 2022, Merit Review Order. It appeared Plaintiff was unhappy with his medical care, but the basis of the claim was unclear. For instance, Plaintiff did not state if he was denied all care, or what care was needed. If Plaintiff instead meant to allege a delay in care, he did not state who was responsible, how long of a delay was involved, and what impact the delay had on Plaintiff. Finally, Plaintiff did not state how any named Defendant was involved in his claim. Therefore, Plaintiff was given additional time to file an amended complaint and instructions to assist him.

Plaintiff has now submitted an amended complaint which has been filed as a motion for leave to amend. [8]. The motion was granted pursuant to Federal Rule of Civil Procedure 15. [8].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally

1

insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff claims his constitutional rights were violated at the Shelby County Jail by Sheriff Brian McReynolds, Jail Administrator Diane Burkehead, and Correctional Officers Josh Durrant, Austin Chamberlin, and Jackson Miller. Plaintiff also lists Correctional Officers Kassandra Williams and Tonya Attaberry in the caption of his complaint, but not in the list of Defendants. (Amd. Comp., p. 1, 2-3, 4).

Plaintiff now identifies two counts. In Count I, Plaintiff says he was bitten by a brown recluse spider on July 1, 2022. Plaintiff says two days later he submitted a sick call request, but he received no response. Plaintiff says he believes family members notified the Sheriff and other staff members, but he still received no response.

On July 5, 2022, Plaintiff says Defendant Correctional Officer Williams "gave me medicine without diagnosis" and therefore he assumes it was the wrong medication. (Amd. Comp, p. 5). On July 6, 2022, Defendant took Plaintiff to an outside hospital where "a culture was done and tested." (Amd. Comp., p. 5). Plaintiff says he returned to the jail and waited for the results.

> Upon information and belief, between 7-6-22 – 7-13-22 co's Josh Durant, Austin Chamberlin, Jackson Miller, Quinton Reedy, Kassandra Williams, Tonya Atteberry, Katlyn Gritzmacher, and Diane Burkehead were individually notified of medical issues while administering meds that c.o. Kassandra had initially prescribed. None of the listed defendants pursued further medical treatment for issue. (Amd. Comp., p. 5)

Some of the individuals listed are not identified as Defendants in either the caption of Plaintiff's complaint or the list of Defendants.

In Count II, Plaintiff says on July 13, 2022, the jail was informed "it had turned into MERSA" and prescribed appropriate medication. (Amd. Comp, p. 5-6). Plaintiff says he believes he was taken off medication for a spider bite and given the prescribed MRSA medication. Plaintiff says the prescription ended on July 28, 2022.

However, Plaintiff says on August 6, 2022, he submitted a request for medical care because he had another sore which he believes was MERSA. Despite continued requests, Plaintiff did not see medical staff. On August 13, 2022, Plaintiff says Jail Administrator Diane Burkehead viewed the sore and "a prescription was given" without diagnosis by a medical professional. (Amd. Comp., p. 6). Plaintiff says the prescription ended on August 22, 2022, and he was never seen by a medical professional.

Plaintiff says the Defendants violated his Fourteenth and Eighth Amendment rights in Counts I, II, and III due to "unnecessary pain, resulted from delayed treatment exacerbating my injuries." (Amd. Comp., p. 6). The Court notes the Amended Complaint does not include a Count III. Plaintiff is asking for damages and a trained medical professional at the jail.

The Court is still having difficulty interpreting Plaintiff's claims. Plaintiff has previously stated he was a pretrial detainee. If so, his claims concerning medical care would be pursuant to the Fourteenth Amendment, not the Eighth Amendment. Therefore, Plaintiff must be able to demonstrate he suffered from an objectively serious

medical condition and: (1) the Defendants "acted purposefully, knowingly, or perhaps even recklessly" in handling Plaintiff's medical issue; and (2) Defendants' actions were objectively unreasonable. *Floyd v. Aramark*, 2018 WL 6182628, at *1 (C.D.Ill. Nov. 7, 2018); *citing Miranda v. Cnty. of Lake*, 900 F.3d 335, 343 (7th Cir. 2018).

As previously explained, MRSA is Methicillin-resistant Staphylococcus aureus which is a staph infection. The "skin infections… generally start as swollen, painful red bumps that might look like pimples or spider bites," but spider bites and MRSA are different and require different treatments.[1] It is unclear why Plaintiff believes he was bitten by a brown recluse spider. Even if he was bitten by a spider, Plaintiff admits further testing revealed his symptoms were due to MRSA, not a spider bite.

Based on this confusion, Plaintiff has failed to clearly articulate a violate of his constitutional rights in Count I. Plaintiff was given some medication, perhaps over-the-counter medication, for a what Plaintiff believed was a spider bite. The area apparently did not improve, and Plaintiff was taken for outside testing.

Plaintiff also makes a sweeping statement that several members of the correctional staff, some who are not identified as Defendants, were notified of his medical issues between July 6, 2022, and July 13, 2022, and did nothing further. First, it is unclear why nonmedical staff would be notified of his medical issues. Second,

---

[1] MAYO CLINIC, MRSA infection, https://www.mayoclinic.org/diseases-conditions/mrsa / symptoms-causes/syc-20375336, (last visited March 27, 2023); *see also* VERY WELL HEALTH, Spider Bites vs. MRSA Infections, https://www.verywellhealth.com/ spider-bites-vs-mrsa-2633485, (dated Nov. 16, 2022).

Plaintiff says the first time anyone knew he had MERSA was on July 13, 2022 and he did receive medication.

In addition, Plaintiff seems to allege a delay in care caused his spider bite to develop into MRSA, but these are two separate conditions which can often look the same. Plaintiff has failed to clearly articulate a violation of his constitutional rights.

In Count II, Plaintiff also admits he was given medication for MERSA, but Plaintiff says after the medication ran out, he developed another sore, and his complaints were ignored. Plaintiff does not clearly state who ignored his requests for medical care. Plaintiff then claims the Jail Administrator looked at his sore and medication was given. Plaintiff complains he was not seen by a medical professional. However, a Jail Administrator could not "prescribe" a medication. In addition, Plaintiff does not claim the medication failed to address his complaints.

At most, Plaintiff may be able to state a claim based on a delay in receiving any medical care for his MERSA sore between August 6, 2022 and August 13, 2022. However, Plaintiff has not indicated a Defendant who knew he had requested medical care, but still failed to take any action. Rather than file a third complaint, the Court will direct Plaintiff to provide a response to the following questions:

> 1) Plaintiff says he noticed another MERSA sore on August 6, 2022. Between August 6 and August 13, 2022, how did Plaintiff ask for medical care? Did he speak with anyone and if so, who and when? Did he submit a written request? If so, when and who did he send the request to?

5

2) Plaintiff says he saw Defendant Burkehead on August 13, 2022.  Did he receive medication on this day?  If not, how long did he wait for MERSA medication?  Did the medication help Plaintiff's sore?  If not, what happened and who did he notify?

3) Did the delay between August 6, 2022, and August 13, 2022, have any impact on Plaintiff's condition?  If so, what?

Plaintiff **must** provide his response to each of these questions within 21 days. If Plaintiff again ignores the Court's order and fails to provide a response to the specific questions asked, his case will be dismissed with prejudice.

Finally, the Court notes Plaintiff is proceeding *in forma pauperis* (IFP) and he is no longer incarcerated.  Therefore, the Court will require Plaintiff to submit an updated petition to proceed IFP for nonincarcerated individuals.

IT IS THEREFORE ORDERED:

1) Plaintiff's Motion for Leave to File an Amended Complaint is granted pursuant to Federal Rule of Civil Procedure 15 [8].

2) Plaintiff's amended complaint is dismissed for failure to clearly state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A.

3) If Plaintiff still wishes to proceed with this lawsuit, he MUST provide a written response to each of the specific questions listed in this order.  Plaintiff must provide this written response within 21 days or on or before April 18, 2023. If Plaintiff does not provide responses to the specific questions or does not file his responses by the deadline, this case will be dismissed with prejudice.

4) Plaintiff must provide an updated petition to proceed *in forma pauperis* since he has been released from custody. The Clerk is to provide Plaintiff with the updated form.

5) The Clerk is to reset the internal merit review deadline within 21 days of this order.

Entered this 28th day of March, 2023.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE